INTERNATIONAL ASSOCIATION OF ENTREPRENEURS OF AMERICA; International Association of Entrepreneurs of America Benefit Trust; International Association of Entrepreneurs of America, Inc., Appellants,

v.

Jay ANGOFF, Director, Missouri Department of Insurance, Appellee.

No. 94–3810.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1995.

Decided June 30, 1995.

Rehearing Denied Aug. 4, 1995.

Nicholas M. Monaco, Jefferson City, MO, argued, and Joseph A. Jordano, Omaha, NE, for appellants.

Jeanine D. Hazelton, Jefferson City, MO, argued, for appellee.

Before WOLLMAN and MURPHY, Circuit Judges, and DAVIS,* District Judge.

WOLLMAN, Circuit Judge.

International Association of Entrepreneurs of America and associated entities (collectively "IAEA") appeals from the order dismissing its petition filed under the Declaratory Judgment Act, 28 U.S.C. § 2201. IAEA asserted exclusive federal jurisdiction to decide the merits of its ERISA claim. The district court [1] held that the matter could be resolved in a parallel state proceeding and dismissed the petition. Although we essentially agree with the district court's treatment of the

case, we conclude that the case should not have been dismissed, and we therefore vacate the dismissal and remand for entry of a stay.

## I

IAEA provides various insurance and benefits services to Missouri employers who are association members. Defendant, Jay Angoff, Director of the Missouri Department of Insurance ("Angoff"), sought an injunction in Missouri state court to stop IAEA from selling insurance without a state license. IAEA sought to remove the Missouri action to federal court, but the petition was denied as untimely.

IAEA then filed this declaratory action in federal court, alleging that IAEA's insurance activities were covered by the Employee Retirement Income Security Act of 1974 (ERISA), *codified as amended at 29 U.S.C. §§ 1001–1461,* and seeking a declaration that IAEA was exempt from state insurance regulation under ERISA provisions preempting such state rules.

The district court granted Angoff's motion to dismiss on the basis that IAEA's federal preemption claim was in substance nothing more than an affirmative defense to Angoff's state law claim and that the Declaratory Judgment Act was not intended to be a vehicle for such affirmative defenses. Having dismissed on this ground, the district court declined to address Angoff's argument that IAEA does not operate an employee welfare benefit plan of the type covered by ERISA. Likewise, the district court purported not to address Angoff's third ground for dismissal, that being *Younger* abstention. *See Middlesex County Ethics Committee v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

## II

### A

The keystone argument upon which IAEA's appeal depends is that ERISA con-

---

* The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

templates that only federal courts decide matters of ERISA status. Under IAEA's exclusive federal jurisdiction theory, since ERISA guarantees IAEA a right to petition only federal courts for injunctive relief against state attempts to regulate ERISA plans, this declaratory action must be allowed to proceed, as the issues it raises cannot be addressed in any other forum.

ERISA § 502(a)(3), (29 U.S.C. § 1132(a)(3)), establishes the right of an ERISA fiduciary to an injunction against practices violative of ERISA. ERISA § 502(e)(1), (29 U.S.C. § 1132(e)(1)), provides that only a federal court can issue such an injunction. For purposes of discussion we presume that under these provisions an ERISA fiduciary can indeed seek an injunction based on assertions of improper state regulation like those IAEA makes here. *E.g., MDPhysicians & Assoc. v. State Bd. of Ins.,* 957 F.2d 178 (5th Cir.) (rejecting declaratory action on merits ground), *cert. denied,* —— U.S. ——, 113 S.Ct. 179, 121 L.Ed.2d 125 (1992); *Atlantic Health Care Benefits Trust v. Foster,* 809 F.Supp. 365, 368 (M.D.Pa.1992), *aff'd mem.,* 6 F.3d 778 (3rd Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 689, 126 L.Ed.2d 656 (1994). But IAEA's appeal fails because no court has yet decided whether IAEA is an ERISA plan as it alleges.

■■■■■ ERISA nowhere makes federal courts the exclusive forum for deciding the ERISA status *vel non* of a plan or fiduciary. Unless instructed otherwise by Congress, state and federal courts have equal power to decide federal questions. *Federal Express Corp. v. Tenn. Pub. Serv. Comm'n,* 925 F.2d 962, 968 (6th Cir.), *cert. denied,* 502 U.S. 812, 112 S.Ct. 59, 116 L.Ed.2d 35 (1991); *CSXT, Inc. v. Pitz,* 883 F.2d 468, 472 (6th Cir.1989), *cert. denied,* 494 U.S. 1030, 110 S.Ct. 1480, 108 L.Ed.2d 616 (1990). Because ERISA is silent on the matter of the power to declare ERISA status, we conclude that the question of IAEA's ERISA status falls under the usual concurrent state and federal jurisdiction.

Until IAEA has proven its allegation that ERISA applies, questions of preemption and exclusive federal jurisdiction do not enter this case. Until the preliminary issue of ERISA status is decided, IAEA may not seek the exclusive federal protections available to an ERISA plan. *See* JAMES F. JORDEN, ET AL., HANDBOOK ON ERISA LITIGATION, ch. 1, § 1.01, at 4 (1992) (hereafter ERISA LITIGATION) ("if no [ERISA] plan is involved, then ERISA's broad preemption of state law claims is not triggered."); *see also MDPhysicians,* 957 F.2d at 182 (preemption issues need not be considered until ERISA status established). (While we presume for discussion purposes that IAEA, if held to be covered by ERISA, could seek to enjoin the state court proceeding, this proposition is at least arguable. *See 1975 Salaried Retirement Plan, etc. v. Nobers,* 968 F.2d 401, 408 (3rd Cir.1992) (refusing to enjoin state action deciding matters within exclusive federal jurisdiction), *cert. denied,* —— U.S. ——, 113 S.Ct. 1066, 122 L.Ed.2d 370 (1993); *Total Plan Servs. v. Texas Retailers Ass'n,* 925 F.2d 142, 144–46 (5th Cir.1991) (same); ERISA LITIGATION, ch. 1, § 1.04[A], at 29 ("Despite this grant of exclusive jurisdiction, a federal court ordinarily may not enjoin a state court action seeking to adjudicate claims exclusively within federal court jurisdiction.").)

Our conclusion that concurrent jurisdiction exists at this preliminary stage of the litigation is buttressed by the fact that the courts of Missouri and other states have in the past decided questions of ERISA status without correction by the United States Supreme Court or Congress. *Marshall, et. al. v. Bankers Life and Cas. Co.,* 2 Cal. 4th 1045, 10 Cal.Rptr.2d 72, 832 P.2d 573, 575 (plan covered by ERISA), *cert. denied,* —— U.S. ——, 113 S.Ct. 601, 121 L.Ed.2d 537 (1992); *Rizzi v. Blue Cross of S. Calif.,* 206 Cal. App.3d 380, 253 Cal.Rptr. 541, 542 (1988) (covered), *cert. denied,* 493 U.S. 821, 110 S.Ct. 78, 107 L.Ed.2d 44 (1989); *Cramer v. Ass'n Life Ins. Co.,* 569 So.2d 533, 534 (La. 1990) (covered; ERISA status litigated in lower courts but not appealed to state Supreme Court), *cert. denied,* 499 U.S. 938, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991); *Blue Cross Hosp. Servs., Inc. of Missouri, et al. v. Frappier,* 681 S.W.2d 925, 931 (Mo.1984) (not covered), *vacated,* 472 U.S. 1014, 105 S.Ct. 3471, 87 L.Ed.2d 608, *and readopted on remand,* 698 S.W.2d 326 (Mo.1985); *Angoff v. Kenemore, et al.,* 887 S.W.2d 782, 786 (Mo.Ct. App.1994) (not covered).

**1270**

■ Thus, what IAEA asserts to be an exclusive federal jurisdiction to decide ERISA status by declaration is actually an exclusive federal jurisdiction to grant certain types of declaratory and injunctive relief once ERISA status has been established by either a state or federal court. Accordingly, the district court was correct in holding that IAEA's allegation that it is an ERISA fiduciary can be asserted as an affirmative defense in the ongoing state court action.

**B**

■ The question remains whether the district court had the discretion to defer consideration of this declaratory action. While as a general proposition an alleged ERISA fiduciary can move for a federal declaration of its ERISA status, *see MDPhysicians,* 957 F.2d at 180; *Atlantic Health Care,* 809 F.Supp. at 368, the usual discretionary limitations on declaratory actions apply unless Congress instructs differently. *See Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for S. Calif. et al.,* 463 U.S. 1, 18–19, 103 S.Ct. 2841, 2850–51, 77 L.Ed.2d 420 (1983); *BASF Corp. v. Symington,* 50 F.3d 555, 557 (8th Cir.1995); *Omaha Property and Cas. Ins. Co. v. Johnson,* 923 F.2d 446, 447–48 (6th Cir.1991); *Continental Airlines v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519, 1524 (9th Cir.1987); *Transamerica Occidental Life Ins. Co. v. DiGregorio,* 811 F.2d 1249, 1253 (9th Cir.1987). A review of the procedural facts of this case together with precedent in analogous situations convinces us such limitations may properly be applied here.

■ It was only after it had been sued in state court and its removal petition had been denied as untimely that IAEA filed this declaratory action. This sequence of events alerts us to be on guard for ties between the state and federal actions, because the *Declaratory Judgment Act* is not to be used either for tactical advantage by litigants or to open a new portal of entry to federal court for suits that are essentially defensive or reactive to state actions. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 18 n. 20, 103 S.Ct. 927, 937, 74 L.Ed.2d 765 (1983); *BASF,* 50 F.3d at 558 (citing cases); *Continental Cas. Co. v. Robsac Indus.,* 947 F.2d 1367, 1372–73 (9th Cir.1991); *Omaha Property,* 923 F.2d at 448; *Continental Airlines,* 819 F.2d at 1524; *Transamerica,* 811 F.2d at 1253; *Home Fed. Sav. and Loan Ass'n v. Ins. Dept. of Iowa,* 571 F.2d 423, 427 (8th Cir.1978).

■ More specifically, the Declaratory Judgment Act is not to be used to bring to the federal courts an affirmative defense which can be asserted in a pending state action. *Franchise Tax Bd.,* 463 U.S. at 16, 103 S.Ct. at 2849–50 (discussing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)); *BASF,* 50 F.3d at 558. In addition, the Declaratory Judgment Act is not meant to expand federal jurisdiction. *Franchise Tax Bd.,* 463 U.S. at 15–16, 103 S.Ct. at 2849–50; *Home Federal,* 571 F.2d at 427 n. 17. Here, IAEA passed up its chance to remove to federal court. Limitations on removal may or may not be jurisdictional; but either way, the limits must be strictly construed and enforced. 14A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE, § 3732 at 527 & n. 41 (1985 & Supp.1995) (hereafter WRIGHT & MILLER). There is no need to allow state court defendants like IAEA to circumvent the removal statute's deadline by using the Declaratory Judgment Act as a convenient and temporally unlimited back door into federal court. *See Continental Airlines,* 819 F.2d at 1524 (referring to special federal court discretion to prevent circumvention of removal statute).

■ A district court's decision on whether or not to proceed with a declaratory judgment action is reviewed under the abuse of discretion standard. *Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (U.S.1995). There was no abuse of discretion here.

**C**

Both parties appear to assume that the district court implicitly engaged in a *Younger* abstention analysis. It is clear that the district court to some extent relied on the principles of comity and federalism in coming to its decision; also, the district court indicated that its dismissal may have hinged on the existence of a parallel state proceeding. Order at 8–9.

Although we need not address the abstention issue, our discussion above may have effectively resolved it. The doctrine of abstention is premised on the idea that a federal court may defer to a state court confronted with a similar controversy: there is no need for abstention unless the state and federal courts have concurrent jurisdiction of an issue or case. *See Dailey v. National Hockey League*, 987 F.2d 172, 178 (3d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 67, 126 L.Ed.2d 36 (1993); *Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir.1980). For this reason, IAEA's argument against abstention presumes that the federal and state suits here are based on two separate causes of action, a presumption that we reject.

We note in closing that because concurrent jurisdiction exists in state and federal court to decide the question of IAEA's ERISA status, the district court should not have dismissed for lack of jurisdiction under FED.R.CIV.P. 12(b)(1). While pre-answer motions are ostensibly enumerated in FED.R.CIV.P. 12(b), district courts have the discretion to recognize additional pre-answer motions, including motions to stay cases within federal jurisdiction when a parallel state action is pending. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494–96, 62 S.Ct. 1173, 1175–76, 86 L.Ed. 1620 (1942); *see generally* 5A WRIGHT & MILLER, § 1360 at 432, 438–41 (1990 & Supp.1995). Here, while the state court action may finally resolve the case, it is also possible that further federal proceedings may prove necessary. So long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention. *See Wilton,* —— U.S. at ——, 115 S.Ct. at 2143 n. 2; *Bob's Home Service, Inc. v. Warren County*, 755 F.2d 625, 628 (8th Cir. 1985); 17A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, § 4247 at 136–38 (1988). Properly understood, Angoff's motion was for such a stay, not dismissal based on lack of jurisdiction. Accordingly, we vacate the dismissal and remand for entry of a stay.