No. 94-2940

Ross Fuller, as Trustee of          *
the International Association        *
of Entrepreneurs of America         *
Benefit Trust,                      *
                                    *    Appeal from the United States
            Appellant,              *    District Court for the
                                    *    District of Minnesota.
      v.                            *
                                    *
James E. Ulland, as                 *
Commissioner of Commerce of         *
the State of Minnesota,             *
                                    *
            Appellee.               *

Submitted:  November 2, 1995

Filed:  February 21, 1996

Before WOLLMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
      BOGUE,[*] District Judge.

WOLLMAN, Circuit Judge.

Ross Fuller, as Trustee of the International Association of Entrepreneurs of America Benefit Trust (the "Trustee"), appeals from the district court's[1] judgment dismissing his action against James E. Ulland, Commissioner of Commerce of the State of Minnesota (the "Commissioner") for injunctive and declaratory relief under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461 (1988). The district court rejected the Trustee's claim

---

[*]The HONORABLE ANDREW W. BOGUE, United States District Judge for the District of South Dakota, sitting by designation.

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

of exclusive federal jurisdiction and dismissed the action under the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971). Fuller v. Ulland, 858 F. Supp. 931 (D. Minn. 1994). Although we are essentially in accord with the district court's reasoning, we conclude that the case should have been stayed rather than dismissed, and thus we remand for entry of a stay. See International Ass'n of Entrepreneurs of America v. Angoff, 58 F.3d 1266, 1271 (8th Cir. 1995), cert. denied, 116 S. Ct. 774 (1996).

## I.

The International Association of Entrepreneurs of America Benefit Trust (the "Trust") provides a plan of workers' compensation insurance to numerous employers in twenty-one states, including Minnesota. After requesting certain information from the Trust to determine whether it was complying with Minnesota insurance law, the Commissioner issued a cease and desist order requiring the Trust to stop offering or selling its insurance program in Minnesota until it complied with appropriate Minnesota licensure requirements.

The cease and desist order gave the Trust thirty days in which to request a contested case hearing in the matter, the order to become final if no such request was filed. The Trustee requested a hearing, but noted that he was doing so only to prevent the cease and desist order from becoming final. Simultaneously, the Trustee filed a federal court action for declaratory and injunctive relief under 29 U.S.C. §§ 1132 (a)(3), claiming ERISA preemption of the state court regulations.[2]

---

[2]Section 1132(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan or (B) to obtain other equitable relief (i) to redress such violations or (ii) to enforce any provisions of [ERISA] or the terms of the plan."

Specifically, the Trustee sought a judgment declaring that (1) the Trust and the plan administered by it constitute an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. § 1002(1), and that the Trust and plan also constitute a "multiple employer welfare arrangement" as described in ERISA, 29 U.S.C. § 1002(40)(A), and (2) the regulatory process underlying the order, as it relates to the plan, is inconsistent with, and preempted by, ERISA. The Trustee further sought a judgment enjoining the Commissioner from: (1) prohibiting the Trust from conducting business in Minnesota; (2) subjecting the Trust to the regulatory scheme applied to insurance companies, including requirements for purchasing workers' compensation insurance; or (3) taking any action inconsistent with the provisions of ERISA. Finally, the Trustee asserted a claim under 42 U.S.C. § 1983, alleging that the Commissioner's actions and the regulatory scheme itself violate the United States Constitution.

The district court dismissed the Trustee's action under the principles of Younger abstention. Younger directs federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). The district court found that the state proceeding brought by the Commissioner satisfied each of the Younger preconditions.

## II.

We review a district court's decision to abstain under Younger principles for abuse of discretion. See Warmus v. Melahn, 62 F.3d 252, 257 (8th Cir. 1995) (applying abuse of discretion standard to Younger decision); see also Wilton v. Seven Falls Co., 115 S. Ct. 2137, 2144 (1995) (holding that a district court's decision to dismiss or stay a federal declaratory judgment action in favor of

-3-

a parallel state proceeding is reviewed only for abuse of discretion).

The first two requirements of <u>Younger</u> abstention are clearly satisfied here. The state civil enforcement proceeding was ongoing at the time the suit was filed,[3] and the state's interest in enforcing its insurance laws is important, <u>see</u> <u>California State Auto Ass'n v. Maloney</u>, 341 U.S. 105, 109-10 (1951) (noting that the nature of the insurance industry necessitates pervasive state regulation). The controversy, then, centers on the third requirement -- whether the state court action affords an adequate opportunity to present the Trustee's ERISA preemption defense. ERISA provides generally that its provisions shall preempt state laws that relate to a covered plan and which are not specifically exempt from preemption. 29 U.S.C. § 1144(a). The Trustee contends that federal courts have exclusive jurisdiction over claims resolving issues of ERISA preemption of state law and that thus the ERISA claims cannot be resolved in the state proceedings. Specifically, the Trustee relies on 29 U.S.C. § 1132 (a)(3), which empowers participants to sue to enjoin any act or practice that violates any provision of ERISA, and 29 U.S.C. § 1132(e)(1), which grants federal district courts exclusive subject matter jurisdiction over such injunctive actions.

To benefit from ERISA preemption, however, a plan must first establish that it is an ERISA-covered plan, fund or program. <u>Wisconsin Educ. Ass'n Ins. Trust v. Iowa State Bd.</u>, 804 F.2d 1059, 1060 (8th Cir. 1986); <u>Williams v. Wright</u>, 927 F.2d 1540, 1543 (11th Cir. 1991). In <u>Wisconsin Education Ass'n</u>, we noted Congress' concern that certain entrepreneurs would claim ERISA status in an

_____

[3]The Trustee claims, for the first time on appeal, that the state action was not ongoing at the time of the filing of the federal action. We reject this claim. The state proceedings began with the issuance of the Cease and Desist Order one month before the trustee filed his federal action.

-4-

attempt to use the ERISA preemption doctrine to escape state insurance regulation. 804 F.2d at 1063 (citing H.R.Rep. No. 1785, 94th Cong., 2d Sess. 48 (1977)). Some courts have minimized this problem by premising federal jurisdiction to determine ERISA preemption on a finding of ERISA status. See MDPhysicians & Assoc., Inc. v. State Bd. of Ins., 957 F.2d 178, 182 (5th Cir.), cert. denied, 506 U.S. 861 (1992); Elco Mechanical Contractors, Inc. v. Builders Supply Assoc. of West Virginia, 832 F. Supp. 1054 (S.D. W. Va. 1993); Plog v. Colorado Ass'n of Soil Conservation Dists., 841 F. Supp. 350 (D. Colo. 1993). Whether we view a finding of ERISA-covered status to be a prerequisite to establishing federal jurisdiction or simply a hurdle to cross before moving on to the preemption issues, a finding of non-coverage will eliminate the need for any further federal involvement. Thus, if the state court finds that the Trust is not an ERISA-covered plan, the preemption issues will be moot.[4]

We need not determine whether federal jurisdiction over the preemption issues exists in this case because our recent decision in Angoff, 58 F.3d at 1269, establishes that, at the very least, the state court has concurrent jurisdiction to determine ERISA status. In Angoff we held that although ERISA establishes the right of an ERISA fiduciary to an injunction against practices violative of ERISA and permits only federal courts to issue such injunctions, the statute nowhere makes federal courts the exclusive forum for deciding ERISA status of plans or fiduciaries. Id. As we stated in Angoff, "what [appellant] asserts to be an exclusive federal jurisdiction to decide ERISA status by declaration is actually an exclusive federal jurisdiction to grant certain types of declaratory and injunctive relief once ERISA status has been established by either a state or federal court." Id. at 1270.

---

[4]In fact, one court has found that the International Association of Entrepreneurs, as operating in Virginia, is not an ERISA covered plan. See Int'l Ass'n of Entrepreneurs of Am. Ben. Trust v. Foster, 883 F. Supp 1050, 1061 (E.D. Va. 1995).

Accordingly, given the presumption in favor of concurrent jurisdiction absent congressional instructions to the contrary, and the statute's silence with respect to the power to declare ERISA status, a claim of ERISA status can be asserted defensively in a state court action.  Id.

Because the state court is competent to decide the threshold issue of ERISA status, and because a finding that the Trust is not an ERISA-covered plan will moot the remaining federal claims, the third Younger requirement is satisfied.  Thus, the district court did not abuse its discretion in abstaining in this case.

## III.

We next address whether the district court should have dismissed the federal action or stayed it until the state court resolved the issue of ERISA status.  In Angoff, we stated that "so long as a possibility of return to federal court remains, a stay rather than a dismissal is the preferred mode of abstention."  58 F.3d at 1271 (citing Wilton, 115 S. Ct. at 2143 n.2).  We find this principle to be equally applicable to the present case.  A state court determination that the Trust is not an ERISA-covered plan will end the matter.  However, if the state court decides otherwise, return to federal court to determine whether the Commissioner's actions are preempted by ERISA will be appropriate.

The judgment of dismissal is vacated, and the case is remanded to the district court for entry of a stay.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.