# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3120

_____

Doug Norwood,                                    *
                                                 *
          Appellant,                 *
                                                 *
                                                 *   Appeal from the United States
    v.                                           *   District Court for the Eastern
                                                 *   District of Arkansas
Betty Dickey, Chief Justice of the               *
Arkansas Supreme Court, in her                   *
official capacity; James A. Badami,              *
executive Director of the Arkansas               *
Judicial Discipline and Disability               *
Commission, in his official capacity,            *
                                                 *
          Appellees.                 *

_____

Submitted: March 14, 2005
Filed:  June 1, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

      Attorney Doug Norwood ("Norwood") appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 civil rights action in the United States District Court for the Eastern District of Arkansas. Norwood sued the justices of the Arkansas Supreme

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

Court and James Badami ("Badami"), executive director of the Arkansas Judicial Discipline and Disability Commission ("Arkansas Commission"), alleging a violation of his First and Fourteenth Amendment rights. The district court dismissed the civil-rights action based on *Younger v. Harris*, 401 U.S. 37 (1971). We affirm.

## I. *Background*

Norwood, a licensed attorney practicing in Arkansas, filed a complaint with the Arkansas Commission alleging violations of a judicial canon against an Arkansas circuit court judge. The Arkansas Commission oversees all proceedings involving the discipline or disability of judges in the state courts of Arkansas. After filing the complaint, Norwood received a letter from Badami informing Norwood that if he publicly disclosed the nature of the complaint that he would be subject to punishment for contempt by the Arkansas Supreme Court, pursuant to Arkansas Judicial Discipline and Disability Commission Rule 7[2] and Ark. Code Ann. § 16-10-404.

After receiving the letter, Norwood filed this suit in federal district court, seeking a declaratory judgment and temporary and permanent injunctions against Badami and the Arkansas Commission. The district court dismissed the civil-rights action, concluding *Younger* abstention was proper because there were ongoing state administrative proceedings that implicated state interests and that Norwood had an opportunity in the state proceedings to raise the federal issue. The district court

---

[2]Rule 7A of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission provides that, in the event that the Arkansas Commission decides, after investigation, to take any action with regard to a particular judge, that action shall be communicated by letter, which shall become public information. Ark. J.D. & D.C. R. 7A. In the event that the Arkansas Commission recommends a change in conduct on the part of the judge, the letter is to state the facts which led to the admonition. *Id.* Rule 7C points out that all investigatory records, files, and reports shall be confidential, and no disclosure is allowed during the investigation. Ark. J.D. & D.C. R. 7C.

further found that, even if abstention did not apply, the confidentiality provisions of Rule 7 and Ark. Code Ann. § 16-10-403 were constitutional. Norwood appeals the district court's dismissal of his complaint arguing against the application of *Younger* to the instant facts and the constitutionality of Rule 7 and Ark. Code Ann. § 16-10-404.

## II. *Discussion*

We review motions to dismiss de novo. *Springdale Educ. Ass'n v. Springdale Sch. Dis.*, 133 F.3d 649 (8th Cir. 1998). When deciding a motion to dismiss, we must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003).

We review the application of the *Younger* abstention doctrine for abuse of discretion. *Night Clubs, Inc. v. City of Fort Smith, Arkansas*, 163 F.3d 475, 481 (8th Cir. 1998). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court directed "federal courts to abstain from hearing cases when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). Later, in *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32 (1982), the Court held that federal courts should abstain from interfering with ongoing disciplinary proceedings within the jurisdiction of a state supreme court.

Norwood concedes, and we agree, that the first two requirements of *Younger* are met. The proceedings before the Arkansas Commission were ongoing at the time Norwood brought his § 1983 claim. Also, the proceedings before the Arkansas Commission implicated an important state interest—the quality of its judiciary.

Norwood argues that there was no opportunity to litigate his constitutional challenge in the state administrative proceedings before either the Arkansas Commission or the Arkansas Supreme Court. He avers that neither the Arkansas Judicial Discipline and Disability Commission Rules nor the Arkansas Code provide a procedure enabling a complainant to challenge the constitutionality of the procedural rules at issue. In his complaint Norwood alleged that he had no other effective remedy. Yet, Norwood did not present his constitutional claims before either the Arkansas Commission or the Arkansas Supreme Court, nor did he allege in his complaint that he presented his constitutional claims to the Arkansas Commission or the Arkansas Supreme Court.

Norwood further argues that the members of the Arkansas Commission and the Arkansas Supreme Court would have refused to consider his claim that the confidentiality provision violated federal constitutional guarantees is without merit. Rule 12F of the Arkansas Judicial Discipline and Disability Commission Rules allows the Arkansas "Supreme Court [to]. . . bring up for review any action taken upon any complaint filed with the Commission, and may also bring up for review a case in which the Commission has failed to act." Ark. J.D. & D.C. R. 12F. This rule does not limit the Arkansas Supreme Court's review to situations in which a respondent rather than a complainant seeks recourse. Nor does it restrict the court's review. Notably, in both *Duty v. Arkansas Judicial Discipline and Disability Comm'n*, 801 S.W.2d 46 (1990), and *Hooper v. Arkansas Judicial Discipline and Disability Comm'n*, 800 S.W.2d 722 (1990), the Arkansas Supreme Court considered petitions filed by complainants who sought review of decisions made by the Arkansas Commission.

We "will not engage any presumption 'that the state courts will not safeguard federal constitutional rights.'" *Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997) (quoting *Middlesex County Ethics Comm.*, 457 U.S. at 431). We hold that the district

court did not abuse its discretion in ordering dismissal based on *Younger*.[3] In so holding, we decline to rule on the constitutionality of the confidentiality provision contained in Rule 7 of the Arkansas Judicial Discipline and Disability Commission and Ark. Code Ann. § 16-10-403.

_____

[3]Pursuant to Rule 7A of the Arkansas Judicial Discipline and Disability Commission, Norwood is no longer bound by the confidentiality rule because the Arkansas Commission dismissed his complaint on July 16, 2004. *See* Ark. J.D. & D.C. R. 7A.