# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3258

_____

Maurice Sanders,                             *
                                             *
            Appellant,                       *
                                             *    Appeal from the United States
      v.                                     *    District Court for the
                                             *    Western District of Arkansas.
Fayetteville City Police Department;         *
Capt. Tabor; Tim Helder, Assistance          *        [UNPUBLISHED]
Chief of Police; Darren Moss,                *
Patrolman; Chris W. Weber, Patrolman;        *
Sgt. Brown; Dan Coody, Mayor,                *
Fayetteville, Arkansas; Rick Hoyt;           *
Lori Shue, Prosecutor Coordinator,           *
                                             *
            Appellees.                       *

_____

Submitted: December 8, 2005
    Filed:  December 13, 2005

_____

Before ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

      Arkansas inmate Maurice Sanders brought a 42 U.S.C. § 1983 action for
damages and other relief against the Fayetteville Police Department (FPD), its Chief
of Police, its Assistant Chief of Police, Officers Darren Moss and Chris Weber,
Sergeant Brown, Captain Tabor, the Mayor of Fayetteville, and Lori Shue, a

prosecutor. Mr. Sanders's claims arise from his two arrests in 2002. The district court[1] dismissed all of the claims prior to service except Mr. Sanders's claims against Sergeant Brown, and dismissed those claims without prejudice after the United States Marshals Service was unable to locate and serve him. We affirm the district court's orders.

Specifically, the district court correctly concluded that Mr. Sanders could not maintain his claims against the FPD, because it is not capable of being sued; Ms. Shue, because of prosecutorial immunity; the Chief and Assistant Chief of Police, and the Mayor of Fayetteville, because Mr. Sanders sought to hold them liable based solely on their general supervisory responsibilities; and Captain Tabor, because his purportedly inadequate investigation of Mr. Sanders's treatment during his arrest and detention did not deprive Mr. Sanders of "any rights, privileges, or immunities" giving rise to a claim under section 1983.

Further, the dismissal of Sergeant Brown was compelled by the Marshals' inability to locate and serve him. The dismissal of Mr. Sanders's claim that Officer Weber threw his tools into the bed of his truck was also proper, because Mr. Sanders did not allege any resulting loss. As to Mr. Sanders's claim that he was improperly denied a blood alcohol test and a breath test, the police have no constitutional duty to provide such tests, see Arizona v. Youngblood, 488 U.S. 51, 59 (1988), and we also find no abuse of discretion in the court's refusal to entertain Mr. Sanders's request for injunctive relief as to his then-pending state criminal proceedings, see Norwood v. Dickey, 409 F.3d 901, 903 (8th Cir. 2005) (under abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971), federal courts abstain from hearing cases

---

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly Stites Jones, United States Magistrate Judge for the Western District of Arkansas.

involving ongoing state judicial proceeding that implicates important state interests and affords adequate opportunity to raise federal questions).

Finally, Mr. Sanders's remaining claims that Officer Moss misrepresented the working condition of his seat belts, and that Mr. Sanders's first arrest resulted from a racially motivated stop without reasonable suspicion, are barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Gibson v. Superintendent of N.J. Dep't of Law, 411 F.3d 427, 451-52 (3d Cir. 2005) (stop based solely on pattern and practice of racial profiling, without any reasonable suspicion, is unlawful and evidence discovered excludable, and thus implies conviction was improper, triggering Heck bar); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam) (allegations that defendants lacked probable cause to arrest him and brought unfounded criminal charges challenge validity of conviction and are Heck-barred).

Accordingly, we affirm. See 8th Cir. R. 47B. We also deny the pending motions on appeal.

_____