# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3984

_____

Kelvin Moore,

        Appellant,

  v.

David Inman,

        Appellee.

\*
\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\* [UNPUBLISHED]

_____

Submitted: October 4, 2006
Filed: October 17, 2006

_____

Before RILEY, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Kelvin Moore (Moore) appeals the district court's preservice dismissal of his pro se 42 U.S.C. § 1983 complaint. Moore alleged David Inman, an officer with the Caruthersville Police Department, searched his vehicle in violation of the Fourth Amendment.

We grant Moore leave to appeal in forma pauperis. Following de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam), we conclude preservice dismissal was inappropriate. It is not apparent on this record that success on Moore's claim would necessarily imply the invalidity of any state court conviction. See Heck v. Humphrey, 512 U.S. 477, 487 n.7 (1994) (because of doctrines like

independent source, inevitable discovery, and harmless error, a damages suit for an unreasonable search may lie even if the challenged search produced evidence that was introduced at a state criminal trial resulting in § 1983 plaintiff's still-outstanding conviction), Moore, 200 F.3d at 1171-72 (noting footnote 7 and concluding a § 1983 unlawful-seizure claim was not barred by Heck).  Further, there are no ongoing state proceedings that would justify the district court's abstention.  See Younger v. Harris, 401 U.S. 37, 43-54 (1971) (holding, with some exceptions, federal courts cannot grant injunctive relief that would interfere with ongoing state criminal prosecutions); Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996) (under certain circumstances, Younger directs federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding).

Accordingly, we reverse the dismissal and remand for further proceedings in accordance with this opinion.

_____