# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1872

_____

Bradley Ornes, Suing as      *
Bradley William Ornes,      *
     *
       Appellant,      *
     *    Appeal from the United States
     v.      *    District Court for the District
     *    of Minnesota.
Jeffrey R. Edblad, Sued as Jeffrey      *
Edblad Isanti County Attorney;      *    [UNPUBLISHED]
Susan A. LaBore, Isanti County      *
Court Administrator; Thad N.      *
Tudor, Assistant Isanti County      *
Attorney (Prosecutor),      *
     *
       Appellees.      *

_____

Submitted: March 26, 2008
Filed: April 3, 2008

_____

Before MURPHY, COLLOTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Bradley Ornes filed motions for a temporary restraining order (TRO) and preliminary injunction and a complaint alleging a violation of rights under 42 U.S.C. § 1983. Ornes sought declaratory and injunctive relief related to his imminent state-court sentencing on criminal charges to which he had pleaded guilty. He asserted, among other things, that his change-of-plea hearing in state court violated the

Supreme Court's ruling in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), that he was being denied his right to a jury trial on aggravating sentencing factors, and that the prosecutors' failure to notify the state court of the constitutional defects amounted to bad-faith prosecution. The district court[1] denied relief and dismissed the complaint, stating that Ornes had failed to show under <u>Perez v. Ledesma</u>, 401 U.S. 82, 84-85 (1971), that his criminal case was one of "proven harassment" or bad-faith prosecution. Ornes appeals, noting that he has been sentenced based on the aggravating factors.

We lack jurisdiction to review the denial of Ornes's TRO motion, <u>see</u> <u>Hamm v. Groose</u>, 15 F.3d 110, 112-13 (8th Cir. 1994), and because Ornes has already been sentenced, his request for preliminary injunctive relief is moot.

We conclude that dismissal was appropriate under the abstention doctrine of <u>Younger v. Harris</u>, 401 U.S. 37 (1971), which provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented. <u>See</u> <u>Norwood v. Dickey</u>, 409 F.3d 901, 903 (8th Cir. 2005). The propriety of Ornes's plea and sentencing are issues that should be resolved by state tribunals, subject to review by certiorari or appeal in the Supreme Court, or on federal habeas corpus after exhaustion. <u>See</u> <u>Perez</u>, 401 U.S. at 84-85 (federal interference with state prosecution is improper; state defendant may present federal constitutional claims to state courts in manner permitted in that state; federal injunctive relief is appropriate only in cases of proven harassment or bad-faith prosecution, or in extraordinary circumstances where irreparable injury can be shown); <u>Bressman v. Farrier</u>, 900 F.2d 1305, 1306 (8th Cir. 1990) (proper vehicle for

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

state prisoner who is attacking length of his confinement is petition for writ of habeas corpus, which requires exhaustion of state remedies).

Accordingly, the judgment of the district court is affirmed.

_____