# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3996

_____

William C. Plouffe, Jr.,          *

                       *

         Appellant,        *

                       *      Appeal from the United States

     v.                         *      District Court for the Eastern

                       *      District of Arkansas.

Stark Ligon, Executive Director,    *

Office of Professional Conduct,      *

Arkansas Supreme Court            *

Committee on Professional         *

Conduct, in his official capacity,   *

                       *

         Appellee.         *

_____

Submitted: March 11, 2010
Filed: June 2, 2010

_____

Before BYE, COLLOTON and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

William Plouffe, Jr., an attorney admitted to practice law in Arkansas, filed a complaint under 42 U.S.C. §§ 1983, 1985, 1986 and 1988 against Stark Ligon, Executive Director of the Arkansas Office of Professional Conduct. The complaint

asked the district court[1] to enjoin attorney disciplinary proceedings that Ligon initiated against Plouffe. Ligon moved to dismiss the complaint, arguing that the district court should abstain from exercising jurisdiction under the *Younger* abstention doctrine.[2] The district court granted the motion to dismiss, and we affirm.

## I.    BACKGROUND

The disciplinary proceedings against Plouffe can be traced back to a brief Plouffe filed on July 5, 2007, in an appeal before the Arkansas Court of Appeals. In the opinion issued in that case, a three-judge panel of the Arkansas Court of Appeals concluded that Plouffe's brief was "littered with disrespectful remarks and judgments about the circuit judge." *Chamberlain v. Smith*, No. 07-575, 2007 WL 4248488, at *1 (Ark. Ct. App. Dec. 5, 2007) (unpublished). The court described Plouffe's remarks as "inappropriate and irrelevant to the issue on appeal." *Id.* The court also found that the "tenor and tone" of Plouffe's brief came "dangerously close to a breach of our Model Rules of Professional Conduct." *Id.*

In his role as Executive Director of the Arkansas Office of Professional Conduct, Ligon is responsible for investigating all complaints concerning members of the Arkansas bar and presenting meritorious cases to the Arkansas Supreme Court Committee on Professional Conduct. After investigating the statements Plouffe made in the *Chamberlain* brief, Ligon filed an ethics complaint against Plouffe before the Committee on Professional Conduct. The ethics complaint alleged that Plouffe violated Rule 8.4(d) of the Arkansas Rules of Professional Conduct, which provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice." The ethics complaint claims that Plouffe

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

[2]*See Younger v. Harris*, 401 U.S. 37 (1971).

"attributed seriously wrong conduct to appellee's counsel and bias to the trial judge, in accusations which appeared as assertions of fact, but which were wholly unsupported by proof in the record."

Plouffe then filed this action against Ligon, asking the district court to enjoin the ongoing attorney disciplinary proceedings. Ligon moved to dismiss the complaint, arguing that the district court should abstain from hearing the matter under the *Younger* abstention doctrine. The district court agreed that *Younger* abstention applied and dismissed the complaint. Plouffe appeals.

## II. DISCUSSION

The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (applying *Younger* abstention to abstain from interfering in attorney disciplinary proceedings). Even if these three requirements are met, a federal court should not abstain if there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Id.* at 435. The Supreme Court has suggested that an exception making abstention inappropriate might exist where a state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Trainor v. Hernandez*, 431 U.S. 434, 447 (1977) (quoting *Younger*, 401 U.S. at 53-54).

On appeal, Plouffe argues that the second and third requirements for abstention are not met. Alternatively, he argues that the "patently unconstitutional" exception

applies because the statements he made in the *Chamberlain* brief are accurate and protected by the First Amendment.

We generally review the grant of a motion to dismiss de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005). However, "[w]e review the application of the *Younger* abstention doctrine for abuse of discretion." *Id.*

With respect to the second requirement, that the disciplinary proceedings "implicate important state interests," *see Middlesex County*, 457 U.S. at 432, Plouffe acknowledges that there is a strong state interest in attorney disciplinary proceedings. *See id.* at 434 (finding that the state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses"). However, he argues that the second requirement is not met here because the federal courts "have an even stronger interest" in addressing his constitutional claims.[3] Plouffe's argument misapprehends *Younger* abstention. This requirement demands only that the state proceedings "implicate important state interests." *Id.* at 432. We do not weigh the competing interests of the federal and state courts in adjudicating Plouffe's claims. *See id.* at 432-34. Because the disciplinary proceedings here implicate important state interests, the second requirement is met.

Plouffe argues that the third requirement is not met because the attorney disciplinary proceedings do not provide him an adequate opportunity to raise his constitutional claims. Plouffe must present his constitutional claims in the attorney disciplinary proceedings "unless it plainly appears that this course would not afford adequate protection." *See id.* at 435 (quoting *Younger*, 401 U.S. at 45). The burden

---

[3]Plouffe suggests that he would raise a First Amendment claim and a Fourteenth Amendment due process claim during the attorney disciplinary proceedings.

rests on Plouffe to show that the disciplinary proceedings do not afford him an adequate opportunity to raise his constitutional claims. *See Neal v. Wilson*, 112 F.3d 351, 357 (8th Cir. 1997).

Plouffe notes that the attorney disciplinary proceedings allow only limited discovery and that the Arkansas Rules of Civil Procedure are not binding during the proceedings. He describes these procedural features as inadequate and baldly asserts that they will prevent him from adequately raising his constitutional claims. However, Plouffe does not explain how limited discovery or the relaxation of the rules of civil procedure prevents him from presenting his constitutional claims during the disciplinary proceedings. And we have not independently identified any plausible basis for finding that the alleged limitations would prevent the presentation of his constitutional claims. We can find nothing in the rules governing the attorney disciplinary proceedings that would prevent Plouffe from raising his constitutional claims. *See* Ark. Sup. Ct. P. Regulating Prof'l Conduct of Att'ys at Law. Furthermore, we have previously found that the Arkansas Supreme Court adequately considers constitutional claims raised during attorney disciplinary proceedings. *See Neal*, 112 F.3d at 357. Plouffe has not shown that the alleged limitations prevent him from adequately presenting his constitutional claims during the attorney disciplinary proceedings, so we reject his argument concerning the third requirement.

Finally, Plouffe argues that the "patently unconstitutional" exception applies because the statements he made in the *Chamberlain* brief are protected by the First Amendment. Under this extremely narrow exception, we might enjoin a state proceeding where the relevant state law is "flagrantly and patently" unconstitutional "in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Trainor*, 431 U.S. at 447 (quoting *Younger*, 401 U.S. at 53-54). Plouffe admits that Rule 8.4(d) is not facially unconstitutional. Indeed, he acknowledges that the First Amendment would not protect him if the court found that his statements were knowingly false, as the ethics

complaint alleges.  *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974).  Thus, by Plouffe's own admission, Rule 8.4(d) is not "flagrantly and patently" unconstitutional "in whatever manner and against whomever an effort might be made to apply it."  *See Trainor*, 431 U.S. at 447.  Accordingly, the "patently unconstitutional" exception does not apply here.

## III.  CONCLUSION

For the foregoing reasons, the district court did not err in applying the *Younger* abstention doctrine and dismissing Plouffe's complaint.  Accordingly, we affirm the judgment of the district court.

COLLOTON, Circuit Judge, concurring.

I concur in the opinion of the court, but believe that clarification is warranted regarding our standard of review.  The court says that we review the application of the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), for "abuse of discretion."  *Ante*, at 4.  The annals include several cases saying the same thing, all of which trace back to a decision that did not say it.  *See Warmus v. Melahn*, 62 F.3d 252, 255 (8th Cir. 1995) (citing *Yamaha Motor Corp. v. Riney*, 21 F.3d 793, 798 (8th Cir. 1994), for the proposition), *vacated on other grounds*, 512 U.S. 1241 (1996).

The Supreme Court has been clear that where *Younger* applies, "there is no discretion to grant injunctive relief."  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 816 n.22 (1976); *cf. Samuels v. Mackell*, 401 U.S. 66, 73 (1971) (discussing authority to grant declaratory relief).  In reviewing the district court's decision to abstain from exercising jurisdiction over Plouffe's complaint for injunctive

relief, therefore, we are not evaluating an exercise of discretion.  We are considering a question of law.

An error of law can always be characterized as "an abuse of discretion," *see United States v. Blue Bird*, 372 F.3d 989, 991 (8th Cir. 2004), so it is technically not incorrect to say that we check in *Younger* cases to make sure there is no such abuse. But the issue is more accurately described as a legal matter that we review *de novo*, and that is how our prior panel decisions (despite their fealty to the *Warmus* language) have treated it.  In the interest of avoiding confusion and improving clarity, it would behoove us to say so directly.  *Accord Village of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 782 (7th Cir. 2008); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197-98 (2d Cir. 2002); *Roe No. 2 v. Ogden*, 253 F.3d 1225, 1232 (10th Cir. 2001); *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 637 (1st Cir. 1996); *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996); *Fresh Int'l Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1356 & n.2 (9th Cir. 1986); *see also Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003) (reviewing for "abuse of discretion," but noting that "an error of law constitutes an abuse of discretion").

_____