SLIP OPINION

Cite as 2016 Ark. App. 29

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV–15–506

|  |  |
|---|---|
| ANDREA O'DONOGHUE<br>APPELLANT<br><br>V.<br><br>BRIAN PATRICK ALOYSIUS<br>O'DONOGHUE<br>APPELLEE | **Opinion Delivered** January 20, 2016<br><br>APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SIXTEENTH DIVISION<br>[NO. 60DR–12–2066]<br><br>HONORABLE MORGAN E. WELCH,<br>JUDGE<br><br>APPEAL DISMISSED |

## M. MICHAEL KINARD, Judge

Appellant Andrea O'Donoghue appeals from an order of the trial court interpreting the parties' German divorce decree. Andrea argues that the trial court erred in its findings regarding the division of retirement benefits. Because we lack a timely notice of appeal, we must dismiss the appeal.

The parties were married in 1998. In 2006, Brian was in the United States Air Force, and the parties lived in Germany. Andrea was granted separate maintenance by a judgment of the County Court of Bitburg in Germany on August 11, 2006. Andrea appealed to the Circuit Court of Appeals–Koblenz, which entered a judgment partially altering and revising the Bitburg order on March 14, 2007. On February 28, 2008, an order was entered by the County Court of Bitburg divorcing the parties and making certain findings regarding retirement benefits and postmarital support. In 2013, the Koblenz and second Bitburg

SLIP OPINION

judgments were confirmed and registered in the state of Arkansas.

On April 8, 2013, Andrea filed a motion for contempt in the Pulaski County Circuit Court, alleging that Brian had paid only a fraction of the money awarded to her in the divorce. After a hearing, the trial court entered an order finding that Brian owed $63,629.54. The order also stated that the "court reserves judgment on whether the German Courts awarded [Andrea] a portion of [Brian's] retirement."

On July 29, 2014, the court held a hearing on the subject of Brian's Air Force retirement benefits. The parties disputed whether the final Bitburg judgment awarded Andrea a portion of Brian's retirement benefits totaling 2000 euros or whether Andrea's share of the retirement benefits had not yet been determined and the 2000 euros represented only a fee. The trial court stated that it was making a qualified finding that, while an award of 2000 euros seemed too low, the benefits had been divided, and the issue was barred by res judicata as argued by Brian. The court said that it would stay the ruling and grant Andrea sixty days to seek clarification from the German court to determine if there was a misunderstanding or ambiguity. An interim order was entered on August 12, 2014, finding that the German decree was not ambiguous and that Andrea was awarded 2000 euros for her share of the retirement benefits. The order also stated the following:

2. Plaintiff is given 60 days from the date of this order to consult with German counsel and to obtain a clarification from the German court regarding this issue.

3. After 60 days this order shall become final.

On October 8, 2014, Andrea filed a motion for reconsideration of the interim order. She attached two letters from the presiding judge of the County Court of Bitburg, stating

2

that the Bitburg order did not order compensation for retirement benefits but instead reserved the issue for future determination because the court could not make decisions concerning foreign retirement plans. The letters stated that the 2000 euros amount only served as a basis for the computation of costs and fees. Andrea requested that the trial court rescind the interim order and determine her entitlement to Brian's retirement benefits. Brian filed a response. On January 9, 2015, the trial court entered an order denying the motion for reconsideration. On February 6, 2015, Andrea filed a notice of appeal from the August 12, 2014 and January 9, 2015 orders.

Before reaching the merits of Andrea's appeal, we must determine whether her notice of appeal was timely, thereby giving us jurisdiction to hear the appeal. Brian raises this issue in his brief and contends that the appeal should be dismissed. We agree. The August 12, 2014 interim order stated that Andrea had sixty days to obtain clarification from Germany and that the order would become final in sixty days, which would have been October 11, 2014. Andrea did not file a notice of appeal within thirty days from either of these dates, but she did file a motion for reconsideration on October 8, 2014. Under Arkansas Rule of Appellate Procedure–Civil 4(b)(1), Andrea's motion for reconsideration was a motion "to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment." Rule 4(b)(1) provides in pertinent part as follows:

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties.

3

Pursuant to the rules cited therein, a motion made before entry of judgment shall become effective and be treated as filed on the day after the judgment is entered. Ark. R. Civ. P. 50(b)(2); Ark. R. Civ. P. 52(b)(1); Ark. R. Civ. P. 59(b). Thus, Andrea's motion is treated as filed on October 12, 2014, the day after the interim order became final on October 11, 2014. Rule 4(b)(1) further provides that

> [t]he notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.

Andrea's motion was neither granted nor denied within thirty days of October 12, 2014. Therefore, the motion was deemed denied as of the thirtieth day, November 11, 2014. Andrea had thirty days from this date to file a notice of appeal, but she did not file a notice of appeal until February 6, 2015. By the time the motion for reconsideration was denied on January 9, 2015, the trial court had lost jurisdiction to act on the motion. *See Allen v. Allen*, 2013 Ark. App. 292.

Andrea contends that because she submitted clarification from Germany to the trial court within sixty days of the interim order, the order did not become final and was subject to revision at any time. Contrary to Andrea's arguments, however, the interim order stated that it would become final after sixty days; it did not state that this was contingent on Andrea presenting a clarification. By delaying the finality of the order for sixty days, the court gave Andrea time to obtain clarification from Germany and to file a timely posttrial motion within ten days after the entry of judgment. Because Andrea failed to file a notice of appeal within



thirty days of the date her motion was deemed denied, this court is without jurisdiction to decide her appeal. *Allen, supra.* Accordingly, we dismiss the appeal.

Appeal dismissed.

VIRDEN and GLOVER, JJ., agree.

*McDaniel, Richardson & Calhoun PLLC*, by: *Scott P. Richardson*, for appellant.

*Worsham Law Firm, P.A.*, by: *Brooke F. Steen*, for appellee.