

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-76

| | |
|---|---|
| | Opinion Delivered:  SEPTEMBER 14, 2016 |
| JOHN MICHAEL PEACE<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION<br>[NO. 60-DR-13-3300] |
| V. | |
| | HONORABLE MACKIE M. PIERCE, JUDGE |
| CHRISTINA PEACE (NOW MALIN)<br>APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant John Michael Peace and appellee Christina Peace (now Malin) were divorced on October 9, 2013. The parties' property settlement agreement was incorporated into the divorce decree, and Paragraph 15 of the agreement provided in relevant part:

> The parties have not filed a tax return for tax years 2011 and 2012. The Wife agrees to file a joint return with the Husband for these years[.] . . . If the Husband has not submitted a joint tax return for the Wife's approval by November 1, 2013, the Wife may file a separate tax return for 2011 and 2012. . . . *The Husband accepts full responsibility for any tax liability, including penalties and interest, associated with the 2011 and 2012 tax returns, and indemnifies and holds the Wife harmless from same.* (emphasis added).

On July 30, 2015, Christina filed a motion for contempt and relief against John. In her motion, Christina alleged that she was unable to file her separate 2012 and 2013 tax returns until the outstanding 2011 tax debt was paid, and that John had advised her that he had most of the money necessary to pay the taxes but was short $22,000. According to Christina's complaint, she loaned John $22,000 to apply to the 2011 tax debt, and after

receiving a letter from the IRS reporting an additional tax deficiency of $5186.55, she loaned John an additional $2500 to apply to the tax debt. Attached to Christina's motion was a copy of a $22,000 canceled check she had written to John on November 11, 2013, which contained the notation "2011 taxes," and a copy of a $2500 canceled check she had written to John on February 20, 2014, also containing the notation "2011 taxes." Christina asserted in her motion that she had made multiple requests for John to reimburse her these funds but that he had refused. Christina alleged that John's conduct constituted willful contempt of the court's order and that he should be required to appear and show cause for his failure to abide by the terms of the decree.

On September 2, 2015, John filed a motion to dismiss Christina's motion. In John's motion, he argued that the trial court lacked subject-matter jurisdiction to enforce the property settlement agreement through contempt proceedings because Christina's claim failed to allege that he violated any part of the agreement, and instead that her claim was a separate action for breach of an oral contract that had to be resolved in a separate civil suit. John also argued, because there was no written contract for the repayment of the alleged loan, that Christina's claim was barred by the statute of frauds.

On September 4, 2015, Christina filed an amended motion for contempt. In her amended motion, Christina alleged that John did not accept full responsibility for the tax liability associated with the 2011 tax return, and that he had failed to indemnify and hold her harmless for the 2011 tax liability as agreed to by the parties and ordered by the trial court.

A hearing on Christina's motion for contempt and John's motion to dismiss was held on September 9, 2015. At the hearing, Christina testified that she loaned $22,000 to John in November 2013 and loaned him an additional $2500 in February 2014 so he could pay the outstanding debt on their 2011 taxes, which he agreed to pay in their property settlement agreement. Christina asserted that she loaned this money to John because she could not file her 2012 or 2013 taxes until the 2011 tax debt was satisfied. Christina stated that, about a year and a half later, she asked John to pay her back, but he refused. In John's testimony, he acknowledged receiving a total of $24,500 from Christina, which he used to satisfy the parties' 2011 tax debt. However, John maintained that there was no loan agreement and rather that Christina simply gave him the money and told him he did not have to pay her back. Both parties agreed that there was nothing in writing evidencing any loan agreement between the parties.

On October 1, 2015, the trial court entered an order awarding a judgment of $24,500 to Christina against John, and the trial court made the following findings:

1. The Court has jurisdiction over the parties and subject matter. Venue is proper.
2. [John's] Motion to Dismiss is denied.
3. The parties entered into a Property Settlement Agreement which is incorporated into their Divorce Decree. The Decree was entered on October 9, 2013.
4. Pursuant to Paragraph 15 of the parties' Property Settlement Agreement, [John] agreed to accept full responsibility for any tax liability, including the penalties and interest associated with the 2011 and 2012 tax returns and indemnify and hold [Christina] harmless from same.
5. [Christina] paid $24,500 to [John] in order for him to fulfill his obligations under the terms of the Decree.
6. [John] has not reimbursed [Christina] this amount, and has, therefore, failed to indemnify and hold her harmless for the tax liability.
7. The Court does not find [John] in willful and wanton contempt, but does find that he must reimburse [Christina] the amounts paid him.

3

8.     [Christina] is hereby awarded judgment against [John] in the amount of $24,500.

9.     A transcript of the Court's ruling is attached and incorporated by reference herein.

The transcript attached to the order reflects the trial court's finding that it had subject-matter jurisdiction because the dispute dealt with the terms of the property settlement agreement incorporated into the divorce decree, specifically paragraph 15, and that John had failed to accept full responsibility for the 2011 tax liability, and had failed to indemnify and hold Christina harmless from the same as required by the parties' agreement.

John now appeals from the order awarding a judgment against him. For reversal, John argues that the trial court lacked subject-matter jurisdiction to enforce the alleged oral contract created after the parties' divorce because the breach of a postdecree oral contract created a separate cause of action lacking a tenable nexus to the divorce and the parties' property settlement agreement. Alternatively, John contends that the trial court erred by enforcing an alleged oral contract between the parties because the contract violated the statute of frauds.

Because appellant's first argument is couched in terms of subject-matter jurisdiction, we first address whether the trial court in this case had subject-matter jurisdiction to preside over the action brought by Christina against John. We determine subject-matter jurisdiction based on the pleadings. *Tripcony v. Ark. Sch. for the Deaf*, 2012 Ark. 188, 403 S.W.3d 559. It is well settled that subject-matter jurisdiction is a court's authority to hear and decide a particular type of case. *Id.* A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought.

*Id.* A court obtains subject-matter jurisdiction under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. *Id.*

In Christina's amended motion for contempt, she alleged that John should be held in contempt because he violated the terms of the parties' property settlement agreement by not accepting full responsibility for the tax liability associated with the 2011 tax return, and by failing to indemnify and hold her harmless for the 2011 tax liability. Arkansas Code Annotated section 9-12-313 (Repl. 2015) grants courts of equity the authority to enforce written agreements between husbands and wives made in contemplation of divorce by lawful means including contempt proceedings. Therefore, it is evident that the trial court had subject-matter jurisdiction to make a determination as to whether John had violated the terms of the property settlement agreement and, if so, compel performance of its terms. In *Edwards v. Edwards*, 2009 Ark. 580, 357 S.W.3d 445, our supreme court drew a distinction between "jurisdiction" and "power," stating that a court's power or authority under a statute does not necessarily implicate subject-matter jurisdiction. A court may act contrary to a statute but do so within its subject-matter jurisdiction. *Id.* In sum, we conclude that the trial court had jurisdiction to decide the matter presented in these proceedings.

We further conclude, contrary to appellant's argument, that under the circumstances presented he violated the terms of the parties' property settlement agreement, as found by the trial court, by failing to indemnify Christina for the 2011 tax liability. The undisputed evidence showed that when John, who had accepted full responsibility for the 2011 tax liability per the parties' agreement, was unable to pay the entire balance, he paid $24,500 of that obligation with funds provided to him by Christina. It is further undisputed that, when

5

Christina requested reimbursement of these funds, John refused. This constituted a failure to indemnify pursuant to paragraph 15 of the property settlement agreement, as determined by the trial court.[1] In ordering John to reimburse Christina, the trial court was simply enforcing the terms of the property settlement agreement, as it had the power to do.

John's remaining argument is that the trial court erred by enforcing an alleged oral contract between the parties, which was barred by the statute of frauds. John relies on Arkansas Code Annotated section 4-59-101(d) (Repl. 2011), which provides that no action may be maintained against any person on any agreement to extend credit in an amount greater than $10,000 unless the agreement is in writing. John asserts that any loan agreement between the parties exceeded the above amount, was not in writing, and was therefore unenforceable.

John's argument is misplaced. The trial court did not find that John breached a credit agreement, nor was Christina's motion premised on any such breach. Christina's action, and the trial court's order, were premised only on John's failure to comply with the provisions of the written property settlement agreement. The trial court was not enforcing an oral contract, but instead was enforcing its decree and the incorporated property settlement agreement. Therefore, the statute of frauds has no application to this case.

Affirmed.
KINARD and WHITEAKER, JJ., agree.

*Kamps & Stotts, PLLC*, by: *David W. Kamps*, for appellant.
*Gill Ragon Owen, P.A.*, by: *Sharon Elizabeth Echols* and *Christopher L. Travis*, for appellee.

---

[1] *Black's Law Dictionary* defines "indemnify" as "[t]o reimburse (another) for a loss suffered because of a third party's or one's own act or default." *Black's Law Dictionary* 837 (9th ed. 2009).