SLIP OPINION

Cite as 2016 Ark. App. 509

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–1016

| | |
|---|---|
| JOHN RANSOM d/b/a RED OAK AUTO CLINIC and DEMETRIUS ANDRE RANSOM<br><br>APPELLANTS<br><br>V.<br><br>JMC LEASING SPECIALTIES, LLC<br>APPELLEE | Opinion Delivered:   October 26, 2016<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION<br>[NO. 60CV-15-1411]<br><br>HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE<br><br>AFFIRMED IN PART; DISMISSED IN PART |

## WAYMOND M. BROWN, Judge

John Ransom d/b/a Red Oak Auto Clinic, and his son and assignee, Demetrius Ransom, file this pro se appeal from a judgment declaring their lien on a 2006 Toyota Camry inferior to a lien held by appellee JMC Leasing Specialties, LLC ("JMC"). They also appeal from an order in which the court held John in contempt and denied their motion to vacate the judgment. We affirm the contempt citation and dismiss the remainder of the appeal.

### I. *Facts*

JMC leased the Camry to Joseph Johnson in September 2013 for a period of three years. Mr. Johnson defaulted on the lease in November 2014, after which JMC was unable to locate him. Around this time, John Ransom came into possession of the vehicle. It is not

SLIP OPINION

clear from the record how he did so, but, according to him, he towed the vehicle to his auto shop in January 2015, performed repairs on it, and stored it.

In February 2015, John sent JMC a notice advising that the vehicle would be sold on April 9, 2015, if his lien for towing, storage, and repairs was not paid. JMC did not pay the lien but instead sued John, asserting that it had a perfected automobile-vendors' lien on the Camry and was entitled to an order delivering the vehicle to its possession. John responded, inter alia, that his lien was superior to JMC's and that JMC owed him $3,661 for repairs, towing, storage, and administrative costs. Demetrius was permitted to intervene in the case as John's assignee. At some point, John's business, Red Oak Auto Clinic, obtained a certificate of title on the Camry, based on its being an abandoned vehicle.

A bench trial was held, and the court ruled that JMC had a superior lien on the Camry. The June 4, 2015 judgment directed both John and Demetrius Ransom to surrender possession of the vehicle to JMC and to "immediately" deliver the vehicle's certificate of title to JMC. The Ransoms delivered the Camry to JMC shortly after the entry of judgment but did not deliver the title at that time.

On June 18, 2015, the Ransoms filed a motion to vacate the judgment and for a new trial. JMC responded with a motion for contempt, claiming that the Ransoms had not yet forwarded the Camry title. The court held a hearing on July 23, 2015, that addressed the Ransoms' posttrial motion and JMC's contempt petition. In an order entered August 11, 2015, the court denied the Ransoms' motion to vacate and for a new trial, held John in contempt, and ordered him to pay $555 to JMC for its costs and fees occasioned by the delay in forwarding the certificate of title.

On September 10, 2015, the Ransoms filed a notice of appeal from the June 4, 2015 judgment and the August 11, 2015 order.

## II. *Lien Priority*

The Ransoms argue first that the circuit court erred in its lien-priority ruling. We cannot reach this argument because the Ransoms did not file a timely notice of appeal from the June 4, 2015 order or the denial of their posttrial motion.

A notice of appeal must be filed within thirty days from the entry of the judgment, decree, or order appealed from.[1] This deadline may be extended if a motion for a new trial or any other motion to vacate, alter, or amend the judgment is filed no later than ten days after the judgment.[2] When that occurs, the following timetable governs the filing of a notice of appeal:

> The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.[3]

In this case, the Ransoms filed their motion to vacate and for a new trial on June 18, 2015—ten business days after the June 4, 2015 order.[4] The circuit court did not rule on the

---

[1] Ark. R. App. P.−Civ. 4(a) (2015).

[2] Ark. R. App. P.−Civ. 4(b)(1) (2015).

[3] *Id.*

[4] We calculate the time for securing an appeal in accordance with Ark. R. Civ. P. 6(a) (2015). *Davis v. Davis*, 2016 Ark. 64, 487 S.W.3d 803. Rule 6(a) provides that when a period of time prescribed in a rule is less than fourteen days, the intermediate Saturdays, Sundays, and legal holidays are excluded from the computation.

motion within thirty days, and the motion was therefore deemed denied on Monday, July 20, 2015. Under the terms of Rule 4(b)(1), quoted above, the Ransoms' notice of appeal was then due thirty days later, on August 19, 2015. However, the Ransoms did not file their notice of appeal until September 10, 2015. Their notice was therefore untimely as to the June 4, 2015 judgment and the denial of their posttrial motion. Accordingly, we lack jurisdiction to reach that portion of the appeal challenging those rulings and must dismiss the appeal in part.[5]

The contempt citation, entered on August 11, 2015, remains for our consideration. It is reviewable in its own right,[6] and was timely appealed in the Ransoms' September 10, 2015 notice of appeal.

## III. *Contempt Ruling*

The circuit court held John Ransom in contempt for failing to timely deliver the Camry's certificate of title to JMC, as required by the June 4, 2015 judgment. The court ordered John to pay JMC $555, based on statements by JMC's attorney that the delay in receiving title had caused him to expend two hours preparing a contempt petition and a show-cause order, for a total of $500 in fees, and to incur $55 in service costs. We affirm the contempt citation.

At the outset, we agree with the parties that the citation was for civil contempt. Civil contempt protects the rights of private parties by compelling compliance with orders of the

---

[5] *See O'Donoghue v. O'Donoghue*, 2016 Ark. App. 29; *Allen v. Allen*, 2013 Ark. App. 292; *Reimer v. Ragsdale*, 2011 Ark. App. 81.

[6] Ark. R. App. P.−Civ. 2(a)(13) (2015).

court made for the benefit of private parties.[7] Civil contempt can be either compensatory or coercive in nature.[8] A compensatory penalty is a remedial fine to compensate one party for the other party's noncompliance.[9] In other words, civil contempt gives damages for the injuries a party suffers when, as in this case, the opposing party disobeys a court order.[10] We will not reverse a circuit court's finding of civil contempt unless it is clearly against the preponderance of the evidence.[11]

John argues first that the June 4, 2015 judgment from which the contempt citation arose was void for lack of subject-matter jurisdiction. He cites the principle that a person cannot be held in contempt of a void order.[12]

Subject-matter jurisdiction is a court's authority to hear and decide a particular type of case.[13] A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought.[14] John argues that the court should have decided the lien-priority issue under Arkansas Code Annotated sections

---

[7] *Shields v. Kimble*, 2016 Ark. App. 151, 486 S.W.3d 791.

[8] *Id.*

[9] *Id.*

[10] *Stehle v. Zimmerebner*, 2016 Ark. 290, ___ S.W.3d ___ (Brill, C.J., concurring).

[11] *Balcom v. Crain*, 2016 Ark. App. 313, ___ S.W.3d ___.

[12] *See generally Robinson v. Morgan*, 228 Ark. 1091, 312 S.W.2d 329 (1958); *Martin v. State*, 162 Ark. 282, 257 S.W. 752 (1924).

[13] *Edwards v. Edwards*, 2009 Ark. 580, 357 S.W.3d 445.

[14] *Peace v. Peace*, 2016 Ark. App. 406, ___ S.W.3d ___.

27-50-1201 et seq.,[15] titled Removal or Immobilization of Unattended or Abandoned Vehicles, rather than under the repairmen's/artisan's lien statutes found in Arkansas Code Annotated sections 18-45-201 et seq.[16] However, the lien statutes on which the court relied are part of a statutory scheme that expressly vests jurisdiction in the district court *and the circuit court* to enforce liens.[17] John therefore has not demonstrated that the circuit court was wholly incompetent to grant the relief sought in this case. Moreover, even assuming that the circuit court erred in its choice of statutes, such error would not oust the court of subject-matter jurisdiction.[18]

John argues next that he was deprived of due process of law because he had no meaningful opportunity to defend against the contempt allegation. We disagree. John was served with a show-cause order, filed a response to the contempt citation,[19] and was afforded a hearing. Although it is unclear if John attended the hearing, his agent/employee, Jacqueline Alexander, appeared and told the court that she had forwarded the car title to JMC on June 9 or June 10. The fundamental requirement of due process—the opportunity to be heard at a meaningful time and in a meaningful manner—was met in this case.[20]

---

[15] (Supp. 2015).

[16] (Repl. 2015).

[17] *See* Ark. Code Ann. § 18-45-207 (Repl. 2015) (emphasis added).

[18] *See Peace, supra; Joshlin Bros. Irrigation v. Sunbelt Rental, Inc.*, 2014 Ark. App. 65; *Banning v. State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987).

[19] His response, clearly incorrect, stated that the car title had been mailed to JMC on "July 29, 2014."

[20] *Villanueva v. Valdivia*, 2016 Ark. App. 107, 483 S.W.3d 308.

John also challenges the sufficiency of the evidence to support the contempt ruling. He argues that the court based its ruling solely on statements made at the hearing by JMC's attorney, Mark Riable.

Our courts have allowed attorneys, as officers of the court, to offer explanations of matters that have occurred during a case.[21] An attorney is required to use candor as an officer of the court and should make only those representations in open court that purport to be of his or her own knowledge only if he or she knows them to be true or believes them to be true based on reasonably diligent inquiry.[22] Here, attorney Riable, stating that he was acting as an officer of the court, provided the court with an account of his postjudgment attempts to obtain the Camry title and the expenses he incurred in doing so. The court believed Riable's account over the explanations offered by Ms. Alexander. This credibility determination was the court's prerogative[23] and provided sufficient evidence to hold John in contempt.

Next, John argues that he purged the contempt by sending the title to JMC before the date of the contempt hearing. Generally, a civil contempt finding offers the contemnor a chance to purge his contempt by complying with the court's order.[24] However, civil

---

[21] *See Aikens v. State*, 368 Ark. 641, 249 S.W.3d 788 (2007); *Tyler v. State*, 265 Ark. 822, 581 S.W.2d 328 (1979); *Unifund CCR Partners v. Thornton*, 2014 Ark. App. 307.

[22] *Shields v. QHG of Springdale, Inc.*, 2009 Ark. 88, 302 S.W.3d 598; Ark. R. Prof'l Conduct 3.3, com. 3 (2015).

[23] *See Balcom, supra.*

[24] *See Applegate v. Applegate*, 101 Ark. App. 289, 275 S.W.3d 682 (2008).

contempt may be either compensatory or coercive.[25] In this case, the reason for the contempt citation was not to coerce John's obedience; rather, it was to compensate JMC for John's delay in compliance. The court therefore had the authority to assess John $555 for JMC's fees and costs.

Finally, John argues that he should not have been held in contempt because Demetrius, his lien assignee, was the real party in interest. The June 4, 2015 judgment ordered both John and Demetrius to immediately convey the certificate of title, which was in the name of John's shop, Red Oak Auto Clinic. When John did not do so, he violated the court's order and was subject to contempt. Willful disobedience of a valid court order is contemptuous behavior.[26]

We therefore affirm the court's contempt ruling.

Affirmed in part; dismissed in part.

VIRDEN and HARRISON, JJ., agree.

*John Ransom* and *Demetrius Andre' Ransom*, pro se appellants.

*Danny R. Crabtree*, for appellee.

---

[25] *See Shields v. Kimble, supra.*

[26] *Shafer v. Estate of Shafer*, 2012 Ark. App. 177, 393 S.W.3d 565.