James A. DUTY *v.* ARKANSAS JUDICIAL
DISCIPLINE AND DISABILITY COMMISSION

90-172                                     801 S.W.2d 46

Supreme Court of Arkansas
Opinion delivered December 21, 1990

*James A. Duty*, for petitioner.

*Steve Clark*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for respondent.

PER CURIAM. James A. Duty petitions for certiorari seeking to have this court review the record of the disposition of a complaint he filed with the respondent, Arkansas Judicial Discipline and Disability Commission. We deny the petition.

The petitioner filed a notice with this court that he wished to appeal from the disposition of a complaint he has filed with the commission. He then filed a document styled "Petition for Writ of Certiorari to Complete the Record," and asked that copies of the commission record of the disposition of his complaint be fur-

nished to him.

Rule 12F of the commission's rules provides that we may grant certiorari to bring before this court any action or failure to act on the part of the commission. There is no provision in the rules for appeal other than by a judge who was made a respondent before the commission. The petitioner is acting *pro se*. Despite the wording of the documents he had filed in this matter, we sense that he seeks review of the commission's disposition of his complaint. The only basis upon which he could possibly obtain review is the certiorari provision of Rule 12F.

■ Certiorari lies to correct proceedings erroneous on the face of the record where there is no other adequate remedy. *Sexton v. Supreme Court Comm. on Prof. Conduct*, 297 Ark. 154-A, 761 S.W.2d 602 (1988); *Bridges v. Arkansas Motor Coaches*, 256 Ark. 1054, 511 S.W.2d 651 (1974). While it is true that the petitioner has no right of appeal from the commission's decision, the petition makes no allegation of an error on the face of the record.

Petition denied.

HAYS and GLAZE, JJ., dissent.

STEELE HAYS, Justice, dissenting. The majority chooses to interpret Rule 12F of the Rules of Procedure of the Arkansas Judicial Discipline and Disability Commission narrowly, suggesting that this court can only review the actions of the Commission on appeal by a judge or when a petitioner can show an error on the face of the record. While that may be one basis for certiorari, it is only that, and the word "certiorari" has greater flexibility than the majority opinion implies. *Hardin, Commissioner of Revenue v. Norsworthy, County Judge*, 204 Ark. 943, 165 S.W.2d 609 (1942); *McCain v. Collins*, 204 Ark. 521, 164 S.W.2d 448 (1942); *McAllister v. McAllister*, 200 Ark. 171, 138 S.W.2d 1040 (1940); *Overton v. Alston*, 199 Ark. 96, 132 S.W.2d 834 (1939); *Rust v. Kocourek*, 130 Ark. 39, 196 S.W. 938 (1917); *Ex parte Phillips*, 80 Ark. 200 (1906); *Burgett v. Apperson*, 52 Ark. 213, 12 S.W. 559 (1889).

As written, I believe Rule 12F can be appropriately construed far more broadly and was so intended when we drafted these rules:

F. Certiorari. The Supreme Court may bring up for review *any action taken upon any complaint* filed with the Commission, *and may also bring up for review a case in which the Commission has failed to act.* [My emphasis.]

I do not believe the public or the legislature would have been quite so disposed to the adoption of Amendment 66 had it been contemplated that *only* members of the judiciary could petition for a review of the actions of the Commission. I respectfully dissent.

GLAZE, J., joins this dissent.