2009 Ark. 580

**Robert L. EDWARDS, Appellant,**

v.

**Diane C. EDWARDS, Appellee.**

**No. 08–1142.**

Supreme Court of Arkansas.

Nov. 19, 2009.

Ronald L. Griggs, El Dorado, for appellant.

Bell & Boyd, P.A., by: Ronny J. Bell and Karen Talbot Gean, Magnolia, for appellee.

ROBERT L. BROWN, Justice.

The court of appeals certified this divorce case for purposes of determining whether the circuit judge lost subject-matter jurisdiction over this case before he entered a Supplemental Divorce Decree. We hold that these facts do not raise an

issue of subject-matter jurisdiction, and we remand the matter to the court of appeals.

Robert and Diane Edwards were married in 1986, and two children were born of the marriage. On August 18, 2006, a divorce decree was entered in the Columbia County Circuit Court, but the decree did not address the issue of alimony. On August 28, 2006, Diane filed a Motion for Amendment of Findings of Fact and Conclusions of Law, for Additional Findings of Fact and Conclusions of Law, and for Reconsideration, Amendment of Decree, and New Trial (hereinafter "motion for reconsideration"), in which she alleged that the circuit judge erred because he failed to award her alimony.[1] On September 15, 2006, the circuit judge entered an order granting Diane's motion for reconsideration in part but denying her request for a new trial. The September 15, 2006 order concluded that "a hearing date will be scheduled as soon as the court and counsel can agree on a date and time."

On October 9, 2006, apparently before the circuit judge scheduled a hearing to reconsider the August 18, 2006 divorce decree, Diane filed a notice of appeal in the court of appeals, which stated that she appealed the August 18, 2006 decree "in favor of Robert L. Edwards" and "all of this Court's rulings upon which the Decree was based."[2] Diane filed an amended notice of appeal on October 26, 2006, in which she specified her points on appeal: (1) the trial court abused its discretion in failing to award her alimony; and (2) the trial court erred in failing to make provisions for medical insurance and other healthcare

expenses for the minor children. On October 24, 2007, the court of appeals dismissed Diane's appeal and found that the August 18, 2006 decree was not a final, appealable order since the circuit judge had subsequently granted Diane's motion for reconsideration and issues were still pending before that court. *See Edwards v. Edwards*, CA 06–1499, 2007 WL 3088239 (Ark.App. Oct. 24, 2007) (unpublished).

After Diane's appeal was dismissed, the circuit judge held a hearing on the issues raised in Diane's motion for reconsideration, including alimony. On June 12, 2008, the circuit judge entered a Supplemental Divorce Decree in which he ordered Robert to pay $300 per week in spousal support.[3] The judge ordered that the alimony payments be retroactive, effective as of the August 18, 2006 decree. Robert filed a motion for new trial, but before the circuit judge ruled on his motion for new trial or before that motion was deemed denied, Robert filed a notice of appeal from the Supplemental Divorce Decree.

The court of appeals's certification memo to this court states that there is a jurisdictional question that "must necessarily be decided in order to resolve the issues that the parties raise" in the instant appeal. The court of appeals specifically contends that this court, in *Grady v. Grady*, 295 Ark. 94, 747 S.W.2d 77 (1988), held that a circuit judge "has no authority to reserve the question of alimony for later consideration" because Ark.Code Ann. § 9–12–312 requires that alimony be allowed or disallowed in the decree of divorce itself. The certification memo con-

---

1. Diane's motion also asserted that the judge erred in failing to address the issue of health insurance and other healthcare-related expenses for the children and that he erred in failing to divide certain money that Robert had withdrawn from various accounts before the couple separated. Those issues are not relevant to the instant appeal.

2. The certification memo from the court of appeals erroneously states that Robert appealed from the August 18, 2006 divorce decree.

3. The supplemental decree also addressed the issue of the children's medical insurance.

cludes that "if the 2006 divorce decree and the 2008 supplemental divorce decree constitute two separate orders, it follows that *Grady* has been violated and that the trial court therefore had no jurisdiction to award alimony."

It is well settled that subject-matter jurisdiction is a court's authority to hear and decide a particular *type* of case. *See* David Newbern & John Watkins, *Civil Practice and Procedure* § 2:1, 19–20 (4th ed.2006). A court lacks subject-matter jurisdiction if it cannot hear a matter "under any circumstances" and is "wholly incompetent to grant the relief sought." *Id.* (quoting *J.W. Reynolds Lumber Co. v. Smackover State Bank,* 310 Ark. 342, 352–53, 836 S.W.2d 853, 858 (1992)). A court obtains subject-matter jurisdiction under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. *Id.* Before the enactment of amendment 80 to the Arkansas Constitution, chancery courts had original jurisdiction over divorce cases; however, since amendment 80 was adopted, circuit courts have original jurisdiction of "all justiciable matters not otherwise assigned pursuant to" the constitution. Ark. Const. amend. 80; *see also Edwards v. Nelson,* 372 Ark. 300, 302, 275 S.W.3d 158, 161 (2008).

Using this blackletter law, it is evident that the circuit judge in the instant case had subject-matter jurisdiction over alimony matters. *See* Ark.Code Ann. § 9–12–312 (Repl.2008) (alimony and child-support statute). Because section 9–12–312 clearly gives circuit courts jurisdiction over the subject matter of alimony, the question then becomes whether our case law controverts this conclusion.

In *Ford v. Ford,* this court reversed a chancery court order to the extent that it declined to award alimony but attempted to "retain[ ] *jurisdiction* for the purpose of awarding alimony in the future should the needs of the [wife] require modification of the Decree." 272 Ark. 506, 517, 616 S.W.2d 3, 21 (1981) (emphasis added). The alimony statute at the time included substantially similar language as section 9–12–312, which reads: "When a decree is entered, the court shall make orders concerning the alimony of the wife or the husband and the care of the children, if there are any, as are reasonable from the circumstances of the parties and the nature of the case." Ark.Code Ann. § 9–12–312(a)(1) (Repl.2008) (previously Ark. Stat. Ann. § 34–1211). According to the *Ford* court, the judge was required by statute to "allow or disallow alimony and not retain jurisdiction for the purpose of allowing it in the future based on changed conditions." 272 Ark. at 517, 616 S.W.2d at 9.

Seven years later, in *Grady v. Grady,* this court revisited its decision in *Ford.* 295 Ark. 94, 747 S.W.2d 77. In *Grady,* the chancery judge awarded the wife $10 per year in alimony. On appeal, the husband argued that this violated *Ford* because the chancery judge essentially "reserve[d] jurisdiction" and deferred a decision on alimony to a later time because, at the time the decree was entered, the husband earned very little money but had the capacity to earn much more in the future. *Grady,* 295 Ark. at 99, 747 S.W.2d at 79.

This court acknowledged in *Grady* that it had "sent mixed signals on the question of whether a chancellor may enter a decree pursuant to which alimony may be made effective some time after the divorce has been entered." *Id.* at 99, 747 S.W.2d at 80. We said:

It is inequitable to hold that a spouse who may be entitled to alimony is forever barred from receiving it because the spouse who should pay it cannot at the moment of entry of the decree. It is illogical to hold, as we do, that alimony

may be raised or lowered upon a showing of changed circumstances but that the spouse who may have an obligation to pay alimony may not be made to do so when his or her circumstances permit it just because they did not permit it at the time the obligation was determined. *Id.* at 100, 747 S.W.2d at 80. We next cited the *Ford* language that a "chancellor had no power to retain jurisdiction or to treat alimony as a matter 'reserved for further consideration'" and held that "if either spouse is entitled to alimony, the chancellor must comply with the statute by making that decision when the decree is entered" but may indicate that the spouse who is to pay the alimony cannot do so at the time and decline to award a specific amount of alimony. *Id.* Then, the party entitled to alimony may petition the court at a later date if circumstances change with respect to the other spouse's ability to pay. *Id.*

In *Mulling v. Mulling*, this court again addressed the issue of the courts' authority under section 9–12–312(a)(1). 323 Ark. 88, 912 S.W.2d 934 (1996). There, the chancellor entered a decree and ordered the husband in a divorce action to pay $1 per month in alimony to his ex-wife. The *Mulling* court "affirm[ed] the chancellor's intention here to reserve the possible fixing of a specific and reasonable amount of alimony at a future time when the circumstances permit it," but held that it had "problems with the manner in which the chancellor directed alimony payments to be reserved and paid." *Id.* at 92–93, 912 S.W.2d at 936. The court then modified the divorce decree to "reflect that [the husband's] unemployment prevents him from paying alimony at the time of the entry of the decree, although [his] earning capacity would otherwise warrant such an award of alimony." *Id.* at 93, 912 S.W.2d at 936. The court also held that the decree should "read to reserve to [the wife] the right to petition the trial court to establish an alimony amount if circumstances change." *Id.*

The *Mulling* court went on to expressly discuss the *Grady* and *Ford* opinions:

In *Ford,* this court overturned the chancellor's decision denying alimony "for the time being, but retaining jurisdiction as to the possible future needs of the wife." While this court in *Grady* recognized that the decision in *Ford* incorrectly held the chancellor had no power to retain jurisdiction or to treat alimony as a matter "reserved for future consideration," the *Grady* court did not overrule that holding in *Ford.* We do so now, at least to the extent the *Ford* holding conflicts with *Grady* and today's decision. In other words, if a spouse shows a need for alimony, and the other spouse is shown to have the ability or earning capacity to pay alimony except for a circumstance at the time the parties' decree is entered, the chancellor may reserve jurisdiction, without assigning a nominal amount. This procedure would permit the spouse requesting alimony to petition for its payment after showing a change in circumstances.

*Id.*

While the *Ford, Grady*, and *Mulling* courts used the terms "jurisdiction" and "power" somewhat interchangeably, it is clear they are distinct legal concepts. A court's power or authority under a statute does not necessarily implicate subject-matter jurisdiction. Again, subject-matter jurisdiction is lacking where the court is "wholly incompetent to grant the relief sought". *J.W. Reynolds Lumber Co.,* 310 Ark. at 352, 836 S.W.2d at 858. A court may act contrary to a statute or in conflict with this court's case law but do so within its subject-matter jurisdiction. The *Grady* court alluded to this when it cited the *Ford*

language regarding the trial court's ability under the alimony statute to "retain jurisdiction," but then framed the issue as "whether a chancellor *may* enter a decree pursuant to which alimony *may* be made effective some time after the divorce has been entered." 295 Ark. at 99–100, 747 S.W.2d at 80 (emphasis added).

 In sum, because the circuit judge in the instant case had subject-matter jurisdiction over alimony matters, the issue of whether he violated section 9–12–312 by not deciding alimony in the original decree should have been raised to that judge. Therefore, we decline to address the merits of whether section 9–12–312 or *Grady* applies to the instant matter because neither party posed the issue to the circuit judge. Of course, our general rule is that, absent an issue of subject-matter jurisdiction, an appellate court will not address an issue if it was not presented to the trial court, ruled upon by the trial judge, and argued by the parties on appeal. *See, e.g., Reeve v. Carroll County*, 373 Ark. 584, 587, 285 S.W.3d 242, 246 (2008). We hold that the circuit judge had jurisdiction to enter the Supplemental Divorce Decree. We further hold that any question about the propriety of that order, under section 9–12–312 and *Grady*, is not proper for appellate review because it was not first presented to the circuit judge for resolution.

 The court of appeals's certification memo also raises public-policy concerns, since one of the parties to the divorce apparently remarried between August 18, 2006, when the original divorce decree was entered, and June 12, 2008, when the supplemental decree was filed. The public-policy issue submitted by the court of appeals is not properly before this court. Robert appealed from the circuit judge's Supplemental Divorce Decree on grounds that the judge did not consider subsequently discovered evidence that Diane

was employed. Neither party raised or developed any public-policy issue before the circuit judge. As a result, we will not consider it. *Reeve*, 373 Ark. at 587, 285 S.W.3d at 246.

Certified question answered. Remanded to court of appeals.

IMBER, J., not participating.