SLIP OPINION

Cite as 2015 Ark. 315

# ARKANSAS SUPREME COURT

No. CR-15-490

|  |  |
|---|---|
| ZECKEYA K. PERRY<br><div align="right">PETITIONER</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">RESPONDENT</div> | Opinion Delivered September 10, 2015<br><br>PRO SE MOTION FOR BELATED APPEAL OF ORDER<br>[PULASKI COUNTY CIRCUIT COURT, NO. 60CR-12-1791]<br><br>HONORABLE HERBERT T. WRIGHT, JR., JUDGE<br><br><br>MOTION DISMISSED. |

## PER CURIAM

In 2013, judgment was entered reflecting that Zeckeya K. Perry had been found guilty by a jury of capital murder and aggravated robbery. He was sentenced to an aggregate term of life imprisonment without parole. We affirmed. *Perry v. State*, 2014 Ark. 406. The mandate of this court issued on October 21, 2014.

On January 5, 2015, seventy-six days after the mandate issued, Perry filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2013). The trial court dismissed the petition on the ground that it was not filed within the time limits set by the Rule for filing petitions. Perry did not timely file a notice of appeal from the court's order within thirty days of the date that the order was entered in accordance with Arkansas Rule of Appellate Procedure–Criminal 2(a)(4) (2014), and he now seeks leave to proceed with a belated appeal.

We need not consider the merits of the motion as it is clear from the record that Perry could not prevail if an appeal were permitted to go forward. An appeal from an order that denied a petition for postconviction relief will not be allowed to proceed where it is clear that the appellant could not prevail. *Justus v. State*, 2012 Ark. 91. In this case, the trial court did not have jurisdiction to consider Perry's Rule 37.1 petition because the petition was not timely filed. *See Wilmoth v. State*, 369 Ark. 346, 255 S.W.3d 419 (2007).

Pursuant to Arkansas Rule of Criminal Procedure 37.2(c)(ii), when there was an appeal from a judgment of conviction, a petition for relief must be filed in the trial court within sixty days of the date that the mandate was issued by the appellate court. *Justus*, 2012 Ark. 91. The time limitations imposed in Rule 37.2(c) are jurisdictional in nature, and, if the petition is not filed within that period, a trial court lacks jurisdiction to grant postconviction relief. *State v. Tejeda-Acosta*, 2013 Ark. 217, 427 S.W.3d 673. Perry's petition before the trial court was not timely filed. Because the trial court lacked jurisdiction, the appellate court also lacks jurisdiction. *Id.*

Motion dismissed.

*Zeckeya K. Perry*, pro se petitioner.

No response.