Rhonda K. Wood, Justice, concurring in part and dissenting in part. The majority begins a discussion of the merits of the appeal stating, “We must first address the notice of appeal.” This statement is an error. “[Ajbsent an issue of subject-matter jurisdiction, an appellate court will not raise an issue unless argued by the parties on appeal.” Edwards v. Edwards, 2009 Ark. 580, at *8, 357 S.W.3d 445, 450. Accordingly, I concur in the majority opinion as to the merits of the case but dissent from the majority’s discu'ssion on the sufficiency of the notice of appeal. [1SI believe it was an error for the court to address the sufficiency of the notice of appeal because neither party raised the issue. This court has repeatedly held that we will not raise issues on our own unless they are jurisdictional. Id. The sufficiency of a notice of appeal is not jurisdictional. Rule 1-2 of the Rules of the Arkansas Supreme Court sets out the cases over which our court has subject-matter jurisdiction. Ark. Sup. Ct. R. 1-2 (2016). Alternatively, Rule 3(e) of the Arkansas Rules of Appellate Procedure-Civil governs the content of the notice of appeal. Ark. R. App. P.-Civ. 3(e) (2016). If an appellee believes the appellant has failed to comply with this rule, the issue may be raised in the appellee’s brief, and it will be properly before this court to consider. Lack of compliance with our rules of appellate procedure does not impact our subject-matter jurisdiction. Furthermore, we should not reach the merits on issues that will have a profound effect on appellate practice without giving the parties the opportunity to fully brief the issues. Our court accepted a transfer of this case from the court of appeals. One reason our court accepted it was to address the offensive use of collateral estoppel; this was necessary. While the court of appeals’ certification memorandum also referenced its concern with the sufficiency of the notice of appeal, we are not required to address that issue. If anything, the certification memorandum demonstrates the court of appeals’ misunderstanding that rules of appellate procedure are not jurisdictional. We should not continue to exacerbate the confusion by addressing the issue sua sponte.[2] If this court feels compelled to address | uthis issue it should only do so to explicitly explain that the issue is not jurisdictional and, therefore, should not be addressed by the court of appeals sua sponte. in the future. Such an explanation would be more instructive, as well as accurate. I can only assume that since the majority is sua sponte raising the issue, that it incorrectly believes compliance with Rule 3(e) of the Arkansas Rules of Appellate Procedure-Civil is jurisdictional. That is incorrect. Subject-matter jurisdiction is the power of the court to hear and determine the subject matter in controversy between the parties. A court lacks subject-matter jurisdiction “if it cannot hear a matter ‘under any circumstances’ and is ‘wholly incompetent to grant the relief sought.’ ” Nance v. State, 2014 Ark. 201, at *15, 433 S.W.3d 872, 881 (quoting J.W. Reynolds Lumber Co. v. Smackover State Bank, 310 Ark. 342, 352-53, 836 S.W.2d 853, 858 (1992)). Amendment 80, section 3, to the Arkansas Constitution provides the supreme court with the authority “to prescribe the rules of pleading, practice and procedure.” Procedural rules are aptly defined as claim-processing rules. See Kontrick v. Ryan, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004). “Procedural law is defined as ‘[t]he rules that prescribe the steps for having a right, or duty judicially enforced, as opposed to the law that defines the specific rights or duties themselves.’” Summerville v. Thrower, 369 Ark. 231, 237, 253 S.W.3d 415, 420 (2007) (citing Black’s Law Dictionary 1221 (7th ed. 1999)). Our rules regarding the content of a notice of appeal are to ensure the parties and the court are | ^aware of what issues are being raised on appeal. This procedural rule has no impact on our jurisdiction. As Justice Ginsburg explained, Courts, including this Court, it is true, have been less than meticulous [in their use of the term jurisdictional]; they have more than occasionally used the term '“jurisdictional” to describe emphatic time prescriptions in rules of court. “Jurisdiction,” the Court has aptly observed, “is a word of many, too many meanings.” ... Clarity would be facilitated if courts and litigants used the label “jurisdictional” not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court’s adjudicatory authority. Kontrick, 540 U.S. at 454-55, 124 S.Ct. 906 (citations omitted). This court should heed Justice Ginsburg’s instruction and discontinue our erroneous labeling of rules of appellate procedure as jurisdictional. Consequently, we should not address compliance with those rules unless the issue is raised by the parties. Therefore, I dissent from the majority’s decision to sua sponte decide whether the appellant complied with our procedural rules. . Courts also have misclassified issues as jurisdictional, rather than procedural, in criminal cases. In Brown v. State, 2015 Ark. 97, (per curiam) (J. Danielson, concurring), Justice Danielson details this court's departure in 2005 from construing the Rule 37 verification requirement as a procedural rule to a jurisdictional rule. In my opinion, this departure was inaccurate—verification has no effect on the circuit court’s or this court’s subject-matter jurisdiction and should not be raised sua sponte.