Robin F. Wynne, Justice, dissenting. I respectfully dissent because I disagree with the majority’s conclusion that the circuit court lacked subject-matter jurisdiction over appellant Sam Perroni’s complaint. In my view, the circuit court did have jurisdiction over appellant’s complaint to the extent it sought declaratory judgment. This court has original and exclusive jurisdiction under Amendment 66 to review appeals by judges who have been reprimanded by the Arkansas Judicial Discipline and Disability Commission (JDDC) and to take action on recommendations by the JDDC that a judge be suspended or removed from office; this court also has the power to prescribe procedural rules for the JDDC. However, this case does not fall within this court’s exclusive jurisdiction. Therefore, the circuit court had original jurisdiction over this matter. See Amendment 80, section 6(A) (“Circuit Courts are established as the trial courts of 11soriginal jurisdiction of all justiciable matters not otherwise assigned pursuant to this Constitution”); Ark. Code Ann. § 16-111-101 (Repl. 2016) (declaratory judgments). While he clearly disagreed with the Commission’s dismissal of his complaint, appellant’s complaint before the circuit court did not challenge the Commission’s decision itself, but rather sought- declaratory relief regarding the constitutionality of a statute and certain procedural rules, and a declaration that the Commission’s standard of “sufficient cause to proceed” was unconstitutionally vague and that acts of the alternate-member panel constituted a nullity. The effect of a ruling in appellant’s favor on these claims would be that his complaint would be once again before the Commission for its review,[1] 'Furthermore, I disagree with the circuit court’s finding that appellant lacked standing. A litigant has standing to challenge the constitutionality of a statute if the law is unconstitutional as applied to that particular litigant. Ghegan & Ghegan, Inc. v. Weiss, 338 Ark. 9, 14-15, 991 S.W.2d 536, 539 (1999). The general rule is that one must have suffered injury or belong to a class that is prejudiced in order to have standing to challenge the validity of a law. Id. Stated differently, plaintiffs must show that the questioned act has a prejudicial impact on them. Id. Appellant, like any citizen and particularly any member of the bar, is prejudiced by actions of the JDDC that contravene the Arkansas Constitution. I would reverse and remand for further proceedings. . Although written in the context of a petition for certiorari seeking to have this court review the disposition of a complaint filed with the JDDC, 1 note the following astute observation: "I do not believe the public or the legislature would have been quite so disposed to the adoption of Amendment 66 had it been contemplated that only members of the judiciary could petition for a review of the actions of the Commission.” Duty v. Arkansas Judicial Discipline & Disability Comm’n, 304 Ark. 294, 801 S.W.2d 46, 47 (1990) (Hayes, J., dissenting).