Cite as 2020 Ark. 251

# SUPREME COURT OF ARKANSAS

No. CV-19-984

ANARIAN CHAD JACKSON

APPELLANT

V.

WENDY KELLEY, DIRECTOR,
ARKANSAS DEPARTMENT OF
CORRECTION

APPELLEE

**Opinion Delivered** June 18, 2020

PRO SE APPEAL FROM THE LINCOLN
COUNTY CIRCUIT COURT
[NO. 40CV-19-127]

HONORABLE JODI RAINES DENNIS,
JUDGE

AFFIRMED.

**JOHN DAN KEMP, Chief Justice**

Appellant Anarian Chad Jackson appeals an order of the Lincoln County Circuit

Court dismissing his pro se petition for writ of habeas corpus pursuant to Arkansas Code

Annotated section 16-112-101 (Repl. 2016). On appeal, he argues the same claims for

habeas relief raised in the petition filed below. He also contends that the circuit court erred

when it failed to require the State to respond to his petition and when it failed to appoint

counsel and conduct a hearing on his petition. We find no error and affirm.

I. *Facts*

In 2003, a jury found Jackson guilty of second-degree murder for which he was

sentenced to eighty years' imprisonment. Jackson's conviction and sentence were affirmed

on appeal. *Jackson v. State*, CR-03-1127 (Ark. App. Dec. 1, 2004) (unpublished) (original

docket no. CACR 03-1127). Jackson subsequently filed multiple petitions for postconviction relief, all of which have been unsuccessful.

In 2008, this court rejected Jackson's habeas claim that the trial court stripped itself of subject-matter jurisdiction when it instructed the jury as to second-degree murder on the premise that it is a lesser-included offense of first-degree murder. *Jackson v. Norris*, 07-785 (Ark. Dec. 4, 2008) (unpublished per curiam). In that previous petition, Jackson also claimed that the trial court lacked subject-matter jurisdiction to enter a judgment of conviction for second-degree murder because there was no rational basis to support the conviction since Jackson's defense at trial was total innocence. This court likewise rejected this argument and found there was no authority supporting Jackson's claim but that the refusal to give such an instruction would be reversible error if a lesser-included offense is supported by even the slightest evidence. *Id.*

On October 2, 2019, Jackson filed in the circuit court in the county where he is incarcerated a petition for writ of habeas corpus. He alleged in his petition that the trial court did not have jurisdiction to convict him of second-degree murder when Jackson was charged with first-degree murder, and there was no rational basis to support a conviction for the lesser-included offense. The circuit court denied and dismissed the petition on the basis that Jackson had repeated claims that were unsuccessfully presented in previous habeas petitions.

II. *Writ of Habeas Corpus*

2

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacks jurisdiction over the cause. *Foreman v. State*, 2019 Ark. 108, 571 S.W.3d 484. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989). Under our statute, a petitioner for the writ who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and make a showing by affidavit or other evidence of probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Unless the petitioner can show that the trial court lacked jurisdiction or that the judgment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

III. *Abuse of the Writ*

3

The abuse-of-the-writ doctrine may apply in habeas proceedings to subsume res judicata when the petitioner raises the same arguments addressed previously without bringing forward additional facts that would support his or her argument. *Watts v. Kelley*, 2019 Ark. 207, 575 S.W.3d 558. Jackson has raised the same claims for relief that he had raised in this previous petition for habeas relief, and they were found to be without merit. *Jackson*, 07-785 (Ark. Dec. 4, 2008). The repetition of his previous claims represents an abuse of the writ. For these reasons, the circuit court did not clearly err when it dismissed Jackson's petition on the basis that Jackson's claims had been previously raised and rejected.

IV. *Allegations of Circuit Court Error*

Jackson alleges that the circuit court erred when it refused to require the State to respond to his petition. The State was not required to file a response until the court made a determination of probable cause. *Darrough v. Kelley*, 2017 Ark. 314, 530 S.W.3d 332. Here, the circuit court dismissed the petition and did not make a determination of probable cause. Thus, the State was not required to file a response to Jackson's habeas petition.

The same is true with regard to Jackson's assertion that the circuit court was required to appoint an attorney and conduct a hearing on his habeas petition. While our statutory habeas corpus scheme contemplates a hearing in the event the writ is issued, there is no requirement that a hearing be held regardless of the content of the petition. *Sims v. State*, 2018 Ark. 271, 555 S.W.3d 868. A hearing is not required on a habeas petition—

4

even when the petition alleges an otherwise cognizable ground—when probable cause for the issuance of the writ is not shown by affidavit or other evidence. *Id.* Again, as Jackson failed to demonstrate probable cause for the issuance of the writ, the circuit court was not required to hold a hearing on his petition.

Affirmed.

HART, J., concurs.


**JOSEPHINE LINKER HART, Justice, concurring.** The abuse-of-the-writ doctrine was announced by the Supreme Court of the United States in *Wong Doo v. United States*, 265 U.S. 239 (1924). As originally conceived, the abuse-of-the-writ doctrine is equitable in nature and subsumes the doctrine of res judicata. 265 U.S. at 240–41. As such, it is not sufficient that a petitioner merely raise the same or a very similar claim; there must be an element of intentional manipulation of the system. Accordingly, the majority has erred in relying on the *Wong* line of cases.

Nonetheless, in my view, the circuit court's decision to dismiss. Jackson's case should be affirmed. The issues he raises in his habeas petition fail, as a matter of law, to establish that he was unlawfully detained. Jackson alleged that the trial court lacked subject-matter jurisdiction because it gave a jury instruction "premised upon second-degree murder being a lesser-included offense of first-degree murder." Jackson also alleged that the circuit court lacked subject-matter jurisdiction to enter a judgment of conviction for second-degree murder because "no rational basis" supported the court's action.

5

In Arkansas, subject-matter jurisdiction is defined as a court's authority to hear and decide a particular type of case. *Nance v. State*, 2014 Ark. 201, 433 S.W.3d 872. A court only lacks subject-matter jurisdiction if it cannot hear a matter "under any circumstances" and is "wholly incompetent to grant the relief sought." *Id.* (citing *Edwards v. Edwards*, 2009 Ark. 580, at 4, 357 S.W.3d 445, 448. An Arkansas circuit court obtains subject-matter jurisdiction when it is conferred under the Arkansas Constitution or by means of constitutionally authorized statutes or court rules. *Id.* Arkansas Code Annotated section 16-88-101(a)(3) provides:

> (3) The circuit court shall have original jurisdiction, exclusive of the district court, for the trial of offenses defined as felonies by state law and shall have original jurisdiction concurrent with the district court for the trial of offenses defined as misdemeanors.

Accordingly, the circuit court had subject-matter jurisdiction to try Jackson's murder charge. He was tried in circuit court and convicted. Thus he was not unlawfully detained.

I concur.

*Anarian Chad Johnson*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.